is our next case for argument. Mr. Crook. This is a case obviously as the court knows of summary judgment. The error made by the trial court is the result of being misled as to the content of a videotape which showed that my client's leg was broken as a result of being is a problem for the court. It was supplied to the district court as a Windows specific application. Somebody who uses a Mac or a Unix machine or any other operating system has no means of accessing it. How did this come about? Are you in the pay of the Microsoft Corporation? Your Honor, the submission of the video was actually what I obtained I guess from the city. Why wasn't a raw video file put in the record? It was placed in the file by the city. Why wasn't a raw video file put in the record? Either you or the city could have insisted on a video file that could be read by any computer. Why I guess from my perspective and maybe it's because I don't use a Mac but my kids do that it didn't occur to me as a problem. It is a problem you now know. Okay well and I would say in that regard, Your Honor, that is why I provided in my brief stills out of the video which in fact shows that the officers... I'm not expecting you to talk about stills. I was rather expecting that at this point you would promise to put a I apologize. I did not realize that that was... I just find it shocking that lawyers would just assume that all the computers in the world use the Windows operating system. They don't. And we won't even talk about iPads or Android, right? Most people these days see most of their videos on pads rather than desktop computers. And no pad in the world uses Windows. I can tell you that I have a... I do have a clip of it that I took videotaping it off of my computer that I could email the court. It would just... Certainly not. Pardon me? Certainly not. Okay, okay. We need the real original evidence. It has to be put into the district court record. The district court then has to certify the amended record to us. We are not having evidence submitted via email. I understand, Your Honor. If the court then had the video, the video clearly shows that the officer placed his foot on the back of my client's leg. I have a nationally renowned expert, Mr. Clark, who testified that the means used by Officer Rogers were inappropriate and excessive. I likewise have medical testimony from Dr. Grigori who examined my client as well as looked at the medical records and indicated that it would take a large amount of force or a significant amount of force to fracture the tibia and fibula. And this was a fracture in the mid-shaft. At the time this occurred, my client was unarmed, was handcuffed behind his back. And if you watch the video, which I understand now that it's not available to the court in a raw form, that you can see that in the course of this time period, and there is a timeline that's placed in the record, my client is allowed to stand by the vehicle while the officer goes around to the other side and even goes into the trunk. There are no attempts made up to the point of the altercation between the officer and my client where there is any attempt for him to flee. Counsel, I have watched the video and your client was trying to resist the officer and the officer told your client to sit and he's repeatedly trying to walk away and the officer tries to pull him back and can't get him down and that's when he does this move where he kicks the back of the leg. So again, because this is a qualified immunity case, you need to tell me what clearly established law, when you have an arrestee who was resisting, did the officer violate by doing this? Because we can't just consider whether it was excessive force, you've got to get past qualified immunity. My position, Your Honor, is that it that this falls right down the fairway of the requirements of the Fourth Amendment that you, and if you view the evidence in a light most favorable... No, you're being asked about precedent. The closest case... The qualified immunity question is whether the law is clearly established. There is not a case in the Seventh Circuit that specifically deals with my fact situation. My position, Your Honor, is that it's intuitively obvious that... Intuitively obvious and clearly established are different polls. When courts of appeals say something is intuitively obvious, they get summarily reversed by the Supreme Court, nine to one. The best case... We need precedent. The best case, but it is not from this circuit, and it was, let me find it, is a, I think it's a Katz versus, or United States versus Katz, and it's an Eleventh Circuit case that says that excessive kicking of an opponent is inappropriate. It's referenced in one of the... Could you repeat that citation, please? Yes, give me just a second here. You need to look up when you repeat it so that it gets caught on the microphone. Yes, Your Honor. It is Katz versus United... You need to look up when you repeat it so that it gets caught on the microphone. It is Katz versus United States, 194, Fed Third, 962, and it's cited actually in one of the cases that's referenced by the city, which is Johnson versus city of B-C-O-R-S-E, 137, F-SUP, 886. Counsel, can precedent from the Eleventh Circuit clearly establish law on the Seventh? I believe if it's... I believe if the principle of law is sufficiently obvious that it should. In this Katz case, was there repeated kicking as in a beating? Because it looked to me like from the video that the officer, if the officer used excessive force, he wasn't beating him, he wasn't beating the plaintiff up. If he used excessive force, it was because he pushed too hard or kicked too hard as he was trying to get him down to a My position is that the record, I think, is sufficient to establish when viewed in a light most favorable to my client that he had an outstretched leg, that the officer was angry, and that the officer struck his leg with significant force, fracturing both the tibia and the fibula. That the officer, when he gave his deposition, evaded my questioning about the very fact that he made contact with my client's leg, and in fact evaded it. He never conceded once, and in fact the city and Officer Rogers in their briefing never conceded once that he struck my client's leg. I think this is significant because if the court's going to look at the case... Talking about who said what in a deposition doesn't really deal with clearly established law. I wish you would deal with my colleague's question. Judge Barrett is asking whether if kicking is permissible to get a non-cooperative suspect to cooperate, where is the clearly established line between kicking in an effort to take a suspect down and kicking too hard? That's the problem. My position, Your Honor, is that if you have a person in custody and the person has their leg struck by an officer, the law in the circuit then, I guess, is that it's okay for an unarmed man who's handcuffed behind his back to strike him, fracture his leg, and that the officers and the law enforcement community need guidance in order to realize that that's inappropriate. The whole point of what he was doing... I don't want to reflect back to the old days when I was a wrestler in college. What he's trying to do is shift the weight onto the right foot, his right foot, and get the other foot where it cannot recover balance, and that's when he goes down. It's called a takedown. That's what he was attempting to do, and I looked at whatever the video is. I don't know about a kicking or anything else. He was going to get that. Once the balance was on the right leg, that other one would have less weight on it, and that's when you take it out from under him. I would say that what the court's engaging in there is actually looking at the evidence and drawing inferences that the court believes, if you go that way, are favorable to the officer. I think at this stage, when you're looking at the record, the record has to be viewed in a light most favorable to Mr. Johnson in making this evaluation. If there is conflicting inferences that go either way, nonetheless, that avoids summary judgment, even if the underlying facts are agreed upon. Finally, with regard to the heck issue, I believe that both the record is not sufficiently established, plus there is no reason why a conviction of resisting arrest based upon the VanGilder case would prohibit my client from pursuing this claim. Did anybody bring Wallace against Cato or Evans against Poskan to the district court's attention? Pardon me? Did anybody bring Wallace against Cato or Evans against Poskan to the district court's attention? No, Your Honor. The leading Supreme Court case on Fourth Amendment and heck is Wallace. I was struck by the fact that the district court didn't—maybe struck is the wrong word in this case. I was intrigued by the fact that the district court didn't discuss the controlling authority, nor do you, nor does the appellee. It makes it hard on a court of appeals. I apologize, Your Honor. With that, I guess I'll reserve my remaining time unless there's a question that you would like me to answer right now. Not at the moment. Thank you, Your Honor. Thank you, Mr. Cook. Ms. Cosby, I assume that you and Mr. Cook will cooperate to get into the record a video that can be read on macOS or iOS or Android or the other things that make up the vast majority of the world's computers. You are absolutely correct, Your Honor, and let me please begin by apologizing to the court. We'll admit that we believe—we reasonably believed that the video that was tendered to the district court was equally accessible, and I apologize for my lack of— It's a Microsoft Windows EXE file. And again, do apologize for that, Your Honor, but promptly after today's arguments, we will get together and ensure that that is tendered to the court for everyone's review. Now, specifically as it pertains to this case, after considering all of the briefing, including Mr. Johnson's amended response to the motion for summary judgment and cert reply, and specifically after reviewing the surveillance footage, the district court properly granted summary judgment in Officer Rogers' favor because as previously addressed by Judge Barrett, the video captures the entire incident, and it reflects that Mr. Johnson was forcibly resisting at the time that Officer Rogers engaged in physical contact and led to the use of force, which grounded—ultimately grounded Mr. Johnson. Now, for the first time on appeal, Mr. Johnson raises arguments as grounds for reversal that he did not present to the district court, and so consistent with precedent, those are waived. Now, instead of addressing those particular contentions, we rely on our briefing, unless the court has specific questions and would like to focus our limited time this morning on the merits of why Mr. Johnson's claims nonetheless fail. Specifically in addressing the merits, Mr. Johnson's arguments fail for three reasons. First, they hinge on an interpretation of events as proffered by Mr. Johnson that he did not forcibly resist Officer Rogers' attempts to restrain him and then return him to a seated position. Second, Mr. Johnson's claims are barred by Heck v. Humphrey, specifically because his factual allegations in this civil case are inconsistent with his criminal convictions. How is that argument consistent with either Wallace against Cato or Evans against Pascon? Wallace is the Supreme Court's dominant case, and Evans is this circuit's dominant case, and neither side mentions either of them. You are correct, Your Honor. Those were not addressed in the briefing, and if the court would permit, we would specifically offer a limited brief on those issues. No, it's too late. You can't brief a case and then say, well, we didn't do a very good job. Let's try again. Understood, Your Honor. And the reason why we would proffer that that is consistent is because specifically here, what the court has said in other instances, namely in the Heck analysis, is that if the factual assertions in the civil case would necessarily imply the invalidity, then that's when the Heck bar would apply. But that standard is not met here, right? Take a much simpler case. Sure. The suspect is refusing to sit down when ordered and resisting arrest in that sense. The officer points a pistol at his head and blows his brains out. Right? Right. Is any Heck problem in that case? Well, of course, he wouldn't have pleaded guilty after his death, I suppose you might say. So the officer points a pistol at his thigh, shoots, and breaks his thigh bone. Utterly gratuitous, right? There's no inconsistency of saying, I was resisting arrest, and the officer then gratuitously injured me. Right? That's the holding of Evans. And if you read the plaintiff's filings generously to the plaintiff, that's what he is alleging. He says, I was resisting arrest, and I'm honest enough to have pleaded guilty to it. But then the officer just gratuitously broke my bones. No need to. Right? There's no inconsistency between the criminal conviction and that contention. That's what Evans focuses people on. And it's why it's so disappointing that neither side called this to the attention of the district court, and neither side has discussed it here. You are correct, Your Honor. And just the one thing that we would point out in that regard, with regards to the factual claims here, is that although Mr. Johnson does acknowledge that he resisted law enforcement, that under Indiana law, specifically forcible resistance, is an element of the crime. And so by virtue… Exactly. The suspect punches the officer in the face. Yes. Forcible resistance. He pleads guilty. And he then says, after I punched him in the face, after I was in handcuffs, after I was totally reduced, the officer kicked me repeatedly. We've actually seen those cases. We've seen far too many of them. And we have held that there's no heck problem in that category of cases. That would be correct, Your Honor. And we share based on those facts in those particular cases. But here, the incident occurred over a period of just six seconds. And during that time, the forcible resistance was continued. Mr. Johnson did not surrender. The incident of the use of force did not end until he was grounded. So it wasn't the issue of where he actually resisted. And then after the resistance had terminated, Officer Rogers then forcibly kicked his leg. That's not what the video for Your Honor will show and also for others. Evans against Poska. What you're saying is true about this case was true in Evans as well. Well, what I'd also like to point then is the court's attention to the alternative basis in which the district court found the summary judgment was appropriate, namely the issue of qualified immunity would also entitle Officer Rogers to summary judgment in this case. Specifically, in order for qualified immunity to apply, it need not hinge on whether the resistance was forcible or whether it was passive. But whether or not his actions of attempting to restrain and control Mr. Johnson were reasonable under the totality of the circumstances. So I'd like to specifically address what the… That's the merits of an excessive force claim, not the qualified immunity problem. That's why all three members of the panel are interested in where is the clearly established line where it's, say, taken as a given that you can try to kick somebody's leg out from under him to take him down. Between that and kicking too hard, is that a clearly established line? And if so, how can we figure that out? With regards to that, first, in turning back to the prior question as to whether precedent from another circuit can establish clearly established law here, we would submit that precedent from other circuits does not clearly establish law in the 7th because it would not be binding unless, of course, it was Supreme Court precedent. However, it would be helpful to the court in understanding… Well, do you mean to say that if an identical case has arisen in 12 of the 13 federal circuits and all 12 say it's perfectly clear that X and the 7th Circuit is the last one to hear it, it still hasn't been clearly established? Under that circumstance, Your Honor, no. Because, again, there's the majority of the circuits that have looked at it and the 7th Circuit could then look to those cases as having been… The answer, by the way, may be it still hasn't been clearly established. The Supreme Court has said it is an open question whether any law other than decisions of the Supreme Court itself can clearly establish the law. And our position is that with regards to the specific use of force that Mr. Johnson alleges caused the injury, it was not clearly established that Officer Roger could not execute the particular disbalancing technique that he did in an attempt to restrain a resisting suspect and then ground him. What's particularly important here is when you look at the reasonable calculus, first you look at the crime for which the individual is arrested. And the crime in this case, he had committed intimidation with threats. So the threats that were made, specifically Mr. Johnson, approximately two minutes prior to this altercation with Officer Rogers, stated he knew that his hands were cuffed behind his back and he stated to the officers that he was going to kick another individual's butt, namely the security officer, and he was going to also fight Officer Rogers with his hands cuffed behind his back. So he knew that he was somewhat restrained yet continued to insist that he was going to commit an assault on these individuals. Now, we also take a look and consider whether or not he was actively resisting at the time. Let me go back to this clearly established law about the distinction between kicking and kicking too hard. We have had a number of cases not about kicking but about the use of a taser. And we've had cases saying, well, one taser shot was okay and maybe two taser shots were okay. But under the circumstances X, it was clearly established that you couldn't use the taser five times. And that seems to me to have something in common with this kind of problem. I hate to put the question this way, but has any clearly established principle about what is clearly established been derived from these cases? Do we know how to draw the line? I suppose in the Seventh Circuit, it's now clearly established that if you use the taser four times, you're on your own. But if you use it once or twice, you're okay. I'm not sure that's clearly established, but have there been similar sequences about other ways of inducing cooperation? We have not found any particular authority that identifies whether one instance of a kick or a leg strike, however this court would like to frame it, or multiple, is clearly established in terms of whether it's excessive. That is not something. And even within the cases, there's not a thread that we could offer to the court in terms of identifying what clearly established is. But what we do know is that there is no case directly on point. And of the cases that have considered officers where excessive force claims were raised in part due to a leg strike that then resulted in injury, those particular circuits have found that that leg strike, consistent with other actions by the officers, were not excessive. And specifically, the thing for this court to consider is that even in executing that particular disbalancing technique of Officer Rogers extending his leg, attempting to use it as a fulcrum for which to pull Mr. Rogers to the ground, even if he misjudged the amount of force needed to extend his leg, made contact with Mr. Johnson that resulted in injury, qualified immunity protects the officer from liability, provided that his decision to engage in that particular use of force was reasonable. And at the time that Officer Rogers made that determination, he was dealing with an individual who stated to the officers that he was going to stand up, he was going to run, and he was going to do that so that the officers would have to chase him and hurt him. He was also dealing with an individual who made physical threats. So the officers in that case instructed him first verbally to remain seated for his own safety, as well as to minimize the risk that he could pose a threat to anyone else. And when he began to stand, and then he began to physical resist. Now, again, in the six seconds, Officer Rogers was just four steps away from Mr. Johnson before this particular altercation took place, and it only took place in six seconds. So once he got to Mr. Johnson, Mr. Johnson had made it to his knees at that point. Officer Rogers did not make any physical contact. Once Mr. Johnson then placed his foot up and began to stand, that's when Officer Rogers places his hands on the back of his handcuffs to prevent him from moving. At that point, you will see in the video that Mr. Johnson then begins taking steps forward and lunging forward to break away, at which point Officer Rogers lunges back to try to pull him backwards. Mr. Johnson again takes steps forward and lunges forward, at which point Officer Rogers then attempts to apply a knee to the back of his knee so that he could pull Mr. Johnson back. All of which he was probably trained to do. I'm talking about Officer Rogers. It's a method how you ground someone. Yes. And it, as you described a little while ago, you get to what person's off balance, and you take them down. Now, I looked at whatever we got for when he went down, and it was something like that, and that's what you do with a resisting person. You want them on the ground, and that's the way you're probably trained to do it. And when they start to describe where you put one foot and fly high and et cetera, where you put your feet, I assume that's something they practiced. That is absolutely correct, and that was in the evidence. It was considered by the district court, tendered as Exhibit 11 from defendants in an affidavit with regards to the training. And so the question for the court is, would an objectively reasonable officer rely on the training that they received in order to effectuate a disbalancing technique to a resisting subject? And we believe that the prevailing authority demonstrates that it was reasonable, and we would ask the court to affirm on those grounds. If there are no further questions, we respectfully submit our case. Thank you. Thank you. Anything further, Mr. Cook? First of all, with regard to the issue of six seconds, I actually think the short period of time mitigates towards my side of the case because he had his partner just a few feet away. There was no need to kick his outstretched leg and break it. They talked about officers. No, we're back to the there was certainly no need to break his leg. There was no need to strike him like that. Trying to talk over the judge is not productive. I apologize. There was certainly a need to take him to the ground. Where is the clearly established line between kicking to take a suspect to the ground and kicking too hard? That's the problem. This was not, if you watch the videotape, and I understand you haven't had a chance to see it, but the videotape actually shows him initially trying to trip, and then the officer on the third strike, instead of trying to trip, strikes his leg and breaks it mid-shaft. The officer in his deposition says, and this is the record at 456. As I've said before, you cannot answer a question about what is the clearly established law by pointing to the contents of depositions. Let me state it this way. Sometimes the most difficult thing to find a case on is the thing that is most obvious. To me, it is obvious that this was gratuitous, and if that is the theory on which you pitch your case, you have to understand that we do not set ourselves up for summary reversal. That just doesn't happen in this circuit. Thank you very much. The case is taken under advisement. Thank you, Your Honor.